**HILT TRUCK LINES, INC. Appellee,**

v.

**Clifford RIGGINS d/b/a Riggins Trucking Company, Appellee and Cross-Appellant,**

v.

**The HARTFORD INSURANCE COMPANY a/k/a The Hartford a/k/a Hartford Fire Insurance Company, Appellant,**

**and**

**Mathis-McClellan Insurance, Inc., d/b/a Mathis-McClellan, Third-Party Defendants, Appellee.**

Nos. 84–1541, 84–1604.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1985.

Decided March 12, 1985.

---

William Robert Still, Jr., Fayetteville, Ark., and Robert L. Lambert, Jr., Springdale, Ark., for Hartford Ins. Co.

Thomas Pearson, Fayetteville, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ARNOLD, Circuit Judge.

Hilt Truck Lines, Inc., brought this case against Clifford Riggins, d/b/a Riggins Trucking Company, for breach of contract and negligence. A truckload of liquor entrusted by Hilt to Riggins had been stolen. Riggins filed a third-party claim against Mathis-McClellan Insurance, The Insurance Company of North America, and The Hartford Insurance Company. The claim between Hilt and Riggins, and the third-party claim between Riggins and the insurance companies, were tried separately in bifurcated proceedings. The District Court[1] found Riggins liable to Hilt in the amount of $73,368.77; The Hartford totally liable for the loss because of an oral binder of temporary insurance; and Mathis-McClellan and Insurance Company of North America not liable for any portion of the loss. The Hartford appeals the District Court's holding. We affirm.

In February or March, 1979, Insurance Company of North America notified Jim Tankersley, Mathis-McClellan's employee, that it planned to cancel Riggins's insurance. Mathis-McClellan was Riggins's insurance agent, and Tankersley handled his account. On March 28, 1979, Clem Mathis, a part-owner and employee of Mathis-McClellan, called The Hartford, spoke with Sandra McDaniel, an underwriter for The Hartford, and asked for an all-risk policy. McDaniel testified that the coverage was bound as of March 28.

In late April Riggins was hired by Hilt to transport liquor by truck and trailer from New Jersey to California. On April 22,

1. The Hon. Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

while the truck was parked at Riggins's home office in Springdale, Arkansas, the liquor was stolen.

The District Court found that an oral contract of temporary insurance was bound by the conversation between Mathis and McDaniel, and that it provided for all-risk coverage. It was thus broad enough, as the Court understood the term "all risks," to cover the loss in this case. The Hartford argues that the binder excluded any coverage for liquor, and further that if a valid all-risk binder existed, it covered all perils, such as fire, flood, or theft, and not different cargoes.

There is not much question that an oral binder was issued. Hartford's own agent testified that coverage was bound as of March 28, 1979. The question is the extent of the coverage. McDaniel testified that it was not The Hartford's practice to write all-risk coverage, but rather that The Hartford would issue policies for named perils, such as theft. She said liquor is not a peril, but rather a commodity that would be excluded regardless of the peril. The problem, however, is that there is no evidence in the record that "all risks" is known throughout the insurance industry as meaning exclusively all perils but not different commodities, and there is little or no evidence that Mathis knew that The Hartford's practice was to write only named-peril policies.

■ The Hartford argues that the liquor should not be covered because as soon as McDaniel found out that Riggins sometimes transported liquor, she immediately notified Tankersley and told him she would not cover liquor. The testimony shows that Tankersley told Sue Colvin, Riggins's dispatcher, at once that liquor would no longer be covered, but at this point the trip from New Jersey to California with the liquor had already commenced. The insurance company cannot be allowed to change the oral contract retroactively after the insured has already acted in reliance on it.

The Hartford also argues that whatever the terms of the oral binder may have been, no legally enforceable agreement to

cover liquor ever came into existence. It cites Ark.Stat.Ann. § 66–3219(1) (Repl. 1980), which provides as follows:

Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable indorsements as are designated in the binder, except as superseded by the clear and express terms of the binder.

■ The written policy, issued after the loss occurred in this case, excluded coverage for liquor. The binder, therefore, it is argued, must be deemed to include such an exclusion. The District Court rejected this argument, and we normally defer to the judgment of district judges on questions of the law of their own states. There is no opinion of the Supreme Court of Arkansas interpreting the statute in the manner contended for by the company, nor is there even any opinion of that Court, or of the Arkansas Court of Appeals, casting any substantial doubt on the way in which the District Court read the statute. Furthermore, if binders are always to be read as including all of the limitations and exclusions that may turn up in the written policy when eventually issued, and if this rule is applied even to written policies issued after the occurrence of a loss, then the oral contract can be rendered completely nugatory by the unilateral act of one party to it, the insurance company. We cannot believe that the General Assembly of Arkansas had any such intention, and certainly it is not necessary to read the statute as requiring such a result.

■ Here, the District Court has found as a fact that the oral binder as originally agreed to did cover liquor. We have carefully read all of the relevant portions of the transcript and exhibits, and this finding is not clearly erroneous. Coverage of liquor was later, everyone agrees, excluded, but the exclusion came too late with respect to the loss in suit. If it had been shown that policies of inland-marine insurance, the in-

dustry term for coverage of property transported by rail or truck, usually excluded coverage for liquor, then the reference in the statute to "the usual terms of the policy as to which the binder was given" would provide a firm basis for The Hartford's argument. But this record contains no such showing. Under the statute, it is only the "usual" terms of the policy that are deemed to be included in binders. Furthermore, even if a liquor exclusion is a "usual" term, here the binder, according to the findings of the District Court, did clearly cover liquor, because of the use of the term "all risks," a term which, on this record, the District Court reasonably interpreted as indicating the intention of the parties to cover all types of property carried by the insured. If, as The Hartford insists, it did not know that Riggins carried liquor and never intended to insure it, it could easily have protected itself by stating specifically at the time the oral agreement was made that only those named products known to it to be carried by Riggins would be insured. There is no testimony that any such limiting statement occurred during the conversation that created the binder.

The judgment in favor of the third-party plaintiff Mathis-McClellan Insurance, Inc., and against The Hartford Insurance Co. will be affirmed. This holding renders moot the appeal of Riggins seeking to hold Mathis-McClellan liable on a theory of negligent failure to secure coverage, and therefore the appeal in No. 84–1604 will be dismissed as moot.

It is so ordered.